**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KATHY E.,**

        **Plaintiff,**

    v.               1:17-CV-871
                      (FJS)
**NANCY A. BERRYHILL, Acting Commissioner**
**of the Social Security Administration,**

        **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **LAW OFFICE OF LEWIS B. INSLER**<br>17 Newcomb Place<br>White Plains, New York 10606<br>Attorneys for Plaintiff | **LEWIS B. INSLER, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL GENERAL**<br>**COUNSEL - REGION II**<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **KATHRYN S. POLLACK, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Pending before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt.

Nos. 9, 14.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for Social Security Disability Benefits on February 18, 2014, and an application for supplemental security income on February 25, 2014. *See* Dkt. No. 8, Administrative Record ("AR"), at 12.[1] The Social Security Administration denied Plaintiff's application on June 27, 2014. *See id.* On August 26, 2014, Plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). *See id.* A video hearing was held on October 28, 2015, before ALJ Sharda Singh. *See id.* On March 8, 2016, the ALJ issued an unfavorable decision. *See id.* at 12-19.

In her written decision, the ALJ made the following findings "after careful consideration of the entire record":

> (1) Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2017"
>
> (2) Plaintiff "has not engaged in substantial gainful activity since June 25, 2013" (citing 20 CFR 404.1571 *et seq.* and 416.971 *et seq.*)
>
> (3) Plaintiff "has the following severe impairments: diabetes, atrial fibrillation, sleep apnea, obesity, and lumbar spinal stenosis" (citing 20 CFR 404.1520(c) and 416.920(c))
>
> (4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (citing 20 CFR 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926)

---

[1] References to page numbers in the Administrative Record are to the page numbers at the bottom-right of those pages. References to page numbers in all other documents in the record are to the page numbers that the Court's Electronic Case Filing system generates.

> (5) "After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she must avoid hazards and exposure to magnetic fields. She is limited to frequent fine and gross manipulations bilaterally."
>
> (6) Plaintiff "is capable of performing past relevant work as a receptionist. This work does not require the performance of work-related activities precluded by the [Plaintiff's] residual functional capacity" (citing 20 CFR 404.1565 and 416.965)
>
> (7) Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 25, 2013, through the date of this decision [March 8, 2016]" (citing 20 CFR 404.1520(f) and 416.920(f))

*See* AR at 14-18.

### III. DISCUSSION

**A.    Standard of review**

A court's review of the Commissioner's final decision "'is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard.'" *Hofsommer v. Berryhill*, No. 17 Civ. 4745, 2018 WL 3966702, \*4 (S.D.N.Y. Aug. 20, 2018) (quoting *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam)) (other citations omitted). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938))) (other citations omitted). Therefore, "'[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists.'" *Id.* (quoting *Johnson v. Astrue*, 563 F. Supp. 2d

444, 454 (S.D.N.Y. 2008) (citing *Alson v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990))). "The Second Circuit has characterized the substantial evidence standard as 'a very deferential standard of review – even more so than the "clearly erroneous" standard.'" *Id.* (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)). In other words, "'[t]he substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would <u>have to conclude otherwise</u>.'" *Id.* (quotation omitted). Finally, "it is not a reviewing court's function 'to determine <u>de novo</u> whether [a claimant] is disabled.'" *Id.* (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)) (other citation omitted).

To be eligible for benefits, a claimant must show that she suffers from a disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be found to be disabled only if it is determined that her "impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> (1) The ALJ first determines whether the claimant is currently engaged in SGA. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).
>
> (2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a "severe medically determinable physical or mental

impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), which is an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c).

(3) If the claimant's impairment is severe and is listed in 20 C.F.R. part 404, subpart P, appendix 1, or is equivalent to one of the listed impairments, the claimant must be found disabled regardless of her age, education, or work experience. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

(4) If the claimant's impairment is not listed and is not equal to one of the listed impairments, the ALJ must review the claimant's RFC to determine if she is able to do work that she has done in the past, *i.e.*, "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to do such work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

(5) If the claimant cannot perform her past relevant work, the ALJ must decide if her RFC, in addition to her age, education and work experience permits her to do other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant cannot perform other work, she will be deemed disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Charter*, 142 F.3d 75, 80 (2d Cir. 1998) (citations omitted).

Additionally, between steps three and four, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is defined as "the most [a claimant] can still do despite her limitations[.]" 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e). The RFC analysis considers "all the relevant medical and other evidence," which includes "descriptions and observations of [the claimant's] limitations from [her] impairment(s), including limitations that result from [her] symptoms, such as pain, provided by [her.]" 20 C.F.R. § 416.945(a)(3). When a claimant makes subjective allegations of symptoms limiting her ability to function, the regulations

-5-

provide that

> [the claimant's] symptoms, such as pain, fatigue, shortness of breath, weakness or nervousness, will not be found to affect [her] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b).

Accordingly, the Social Security Administration has adopted a two-step procedure for assessing a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, \*1 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179 (2d Cir. 2010) (summary order).

First, "'the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged.'" *Hofsommer*, 2018 WL 3966702, at \*7 (quoting [*Genier*, 606 F.3d at 49] (citing 20 C.F.R. § 404.1529(b))). If the ALJ finds that the claimant does suffer from such an impairment, "at the second step, [she] must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (quotation omitted). In this regard, "[t]he ALJ must consider '[s]tatements [the claimant] or others make about [her] impairment(s), [her] restrictions, [her] daily activities, [her] efforts to work, or any other relevant statements [she] make[s] to medical sources during the course of examination or treatment, or to [the agency] during interviews, on applications, in letters, and in testimony in [its] administrative proceedings.'" *Id.* (quoting [*Genier*, 606 F.3d at 49] (quoting 20 C.F.R. § 404.1512(b)(3)) (citing 20 C.F.R. § 404.1529(a); S.S.R. 96-7p)).

Finally, the Social Security Administration has issued regulations related to reports of pain

or other symptoms affecting the ability to work of a claimant who is seeking disability benefits. *See Hofsommer*, 2018 WL 3966702, at *7 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)). Among other things, these regulations provide that the Social Security Administration "will not reject [a claimant's] statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work . . . solely because the available objective medical evidence does not substantiate [her] statements." 20 C.F.R. § 416.929(c)(2); *see also* 20 C.F.R. § 404.1529(c)(2). They also provide that the Social Security Administration "will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [her] statements and the rest of the evidence." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

**B.     Plaintiff's disagreement with the ALJ's findings**

In this case, Plaintiff disputes the ALJ's finding that her impairment does not meet or equal 20 C.F.R. Part 404, Subpart P, Appendix 1, § 104(C), which would result in a presumptive disability. *See* Dkt. No. 9 at 10. Additionally, Plaintiff argues that the ALJ erred in her step-four analysis by failing to afford controlling weight to any of the medical opinions in the record, including that of her treating physician, Dr. Mitchell. *See id.* at 17.

*1. The ALJ's finding of no disability based on Listing 1.04(C)*

The ALJ considered Listing 1.04 and determined that Plaintiff's impairments did not meet or medically equal the severity requirements for Listing 1.04(C). *See* AR at 15. To meet Listing 1.04(C)'s requirements, a claimant must demonstrate the following: "Lumbar spinal stenosis resulting in a pseudoclaudication, established by findings on appropriate medically acceptable

imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively[.]" 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(C). An inability to ambulate effectively is marked by a person's extreme limitation in the ability to walk with insufficient leg functioning such that she is unable to walk "without the use of hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b).

Plaintiff does not dispute that her impairments fail to meet Listing 1.04(C), but she argues that the ALJ conducted an improper step-three evaluation because she failed to evaluate whether Plaintiff's impairments medically equaled the Listing. *See* Dkt. No. 9 at 12. Both parties agree that a Listing may be medically equaled where the claimant's impairments do not meet the Listing but are at least of equal medical significance. *See id.*; *see also* Dkt. No. 14 at 5.

Plaintiff argues that the ALJ erred by failing to obtain an updated medical opinion in order to determine whether her condition equaled the Listing. *See* Dkt. No. 9 at 13. The ALJ is only required to request a medical expert opinion where "in the opinion of the ALJ" the findings in the record suggest that judgment of equivalence may be reasonable. *See* SSR 96-6p, 1996 WL 374180. The ALJ determines whether or not requesting a medical expert's opinion is necessary to clarify the medical history. *See id.* In this case, the ALJ found that, because the substantial evidence in the record did not suggest that equivalence of the Listing was a reasonable conclusion, a request for an additional medical expert opinion was not required. *See* AR at 15. Thus, the ALJ considered Listing 1.04 and determined, without further expert opinion, that Plaintiff's impairments did not meet or medically equal the severity of the listed impairments. *See id.*

Plaintiff contends that her diabetic neuropathy is sufficiently severe to equal the spinal

stenosis with resulting pseudoclaudication of the Listing because it produces pain and a severe restriction on her ability to walk independently. *See* Dkt. No. 9 at 10. However, the evidence in the record shows that Plaintiff is not severely impaired in her ability to walk. As noted, an inability to ambulate effectively requires that the claimant is unable to walk without the use of hand-held assistive devices that limits the functioning of both of her upper extremities. *See* 20 C.F.R. Part 404, subpart P, appendix 1, § 1.00(B)(2)(b). "Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches, or two canes . . . ." *See* Dkt. No. 9 at 11. The medical records indicate that Plaintiff used a walker only while recovering from surgery and that since that time she has only used a single cane to walk. *See* AR at 408. Since the use of one cane does not limit the use of both arms, Plaintiff has failed to show an extreme limitation in the ability to ambulate effectively as defined in Listing 1.00(B)(2)(b)(1). Furthermore, even if Plaintiff's diabetic neuropathy were sufficiently severe to equal Listing 1.04(C), the record shows that the diabetic neuropathy did not result in an inability to ambulate effectively pursuant to Listing 1.00(B)(2)(b)(1) as required to satisfy Listing 1.04(C). Therefore, the Court finds that there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff's impairments did not meet or equal the severity of those in Listing 1.04(C).

### *2. The ALJ's evaluation of medical opinions and resulting RFC determination*

Plaintiff argues that the ALJ erred because she did not afford significant or controlling weight to any of the medical opinions in the record, including that of her treating physician, Dr. Mitchell. *See* Dkt. No. 9 at 17. Dr. Mitchell opined that Plaintiff was unable to perform even sedentary work and was limited to low stress jobs. *See* AR at 18 (citing Exhibit 10F). The ALJ

afforded "little weight" to Dr. Mitchell's opinion because it was not supported by her treatment notes, which instead evidenced Plaintiff's improvement. *See id.* In addition, Dr. Seitzman, the state agency physician, opined that Plaintiff could perform medium work. *See id.* (citing Exhibit 1A). The ALJ afforded "little weight" to this opinion as well because the record did not support that opinion but rather showed that Plaintiff's condition supported more restrictive limitations in her work abilities. *See id.* The ALJ considered the totality of the evidence in the record and concluded that Plaintiff could perform sedentary work. *See id.*

Furthermore, Plaintiff argues that the ALJ improperly substituted her own opinion for that of medical experts by failing to afford controlling weight to an expert opinion when determining Plaintiff's RFC. *See* Dkt. No. 9 at 17. However, an ALJ's RFC determination need not perfectly correspond with any of the physicians' opinions in the record. Rather, the ALJ is entitled to weigh the evidence and reach a conclusion consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In this case, the ALJ considered the entire record and determined that Plaintiff could perform sedentary work. *See* AR at 15. Since the ALJ considered the opinions of the medical experts as well as the other evidence in the record, she properly exercised her discretion in determining Plaintiff's RFC.

Plaintiff further argues that the ALJ should have afforded Dr. Mitchell's opinion more than "little weight" because she was Plaintiff's treating physician. *See* Dk. No. 9 at 17. The purpose of providing great deference to the opinion of a treating physician is to obtain a detailed understanding of the plaintiff's impairments as obtained by the treating physician through their long-standing relationship. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). For this reason, it is well-established that the opinions of treating physicians are entitled to controlling weight. However, where the

treating physician's opinion is inconsistent with other substantial evidence in the medical record, or where the treating physician does not possess a longstanding and unique relationship with the plaintiff, the ALJ may afford less than controlling weight to the treating physician's opinion. *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). In this case, Dr. Mitchell's opinions were inconsistent with the medical records. In addition, the record shows that Dr. Mitchell only treated Plaintiff on one occasion; and, therefore, she did not have a longstanding or unique relationship with Plaintiff. Thus, the Court concludes that there is sufficient evidence in the record to support the ALJ's decision to afford less than controlling weight to Dr. Mitchell's opinion.

### *3. Past relevant work*

As already noted, there is substantial evidence in the record to support the ALJ's determination that Plaintiff is capable of performing sedentary work. *See* AR at 15. Furthermore, because Plaintiff's past relevant work as a receptionist is categorized as a semi-skilled, sedentary position, she is capable of performing her past relevant work. *See id.*

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 14, is

**GRANTED**; and the Court further

**ORDERS** that the Commissioner's final decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: August 23, 2018
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge